## Botsko Unemployment Compensation Case.

Argued April 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Mary A. Botsko,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Flood, J., June 15, 1961:

Mary Ann Botsko, the appellant, was employed by the Thrift Drug Store, Baden, Pennsylvania, and acted as clerk in the United States Post Office substation in her employer's store. The time during which the substation was to remain open was determined by regulations of the postal authorities. The board found that the claimant had informed her employer that she had been authorized to close the substation from 2:00 p.m. to 5:00 p.m., on December 25, 1959. The employer agreed to the closing but was later informed that it had not been authorized by the postal authorities and discharged the claimant. The board also found that Miss Botsko knew or had reason to know of the lack of authorization. If these findings are bottomed upon sufficient evidence, the board's conclusion that she was discharged for wilful misconduct must be affirmed.

The claimant's brief states that she did not tell her employer that she was permitted to close, but that she was entitled to time off; that a postal bulletin had stated that all employees were entitled to one half day off on December 24th but this was not to interfere with the regular schedule; that her employer told her to take the time off and that if anyone wanted anything in the substation after she left, he would take care of it or have it handled by the girl who occasionally replaced the claimant and that when she left the store the substation was not closed. Cf. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, at 294-5, 77 A. 2d 886 (1951).

Unfortunately for the claimant, the board did not adopt the version of the facts which she sets forth in her brief. It appears from the testimony of her employer, of the clerk in the post office and even can be inferred from her own testimony that she was not entitled to time off and that the substation was not to be closed. She may have misunderstood, but this was

for the board, and under the evidence it was warranted in finding that claimant's misconduct was wilful.

Decision affirmed.